**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. 19-CR-04440 MV

NICHOLOUS PHILLIPS,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Nicholous Phillips' Motion to Reconsider Order Denying Defendant's Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924. Doc. 106. The government filed a response [Doc. 107] and the United States Probation Office re-disclosed the Presentence Report [Doc. 113; Doc. 115]. Having considered the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be **GRANTED**.

**BACKGROUND**

Mr. Phillips was charged with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 3; Doc. 37.

On May 16, 2020, Mr. Phillips filed a Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924 to This Case. Doc. 34. In his motion, Mr. Phillips objected to the inclusion of his 2007 conviction for Shooting at or From a Motor Vehicle, in violation of N.M. Stat. Ann. § 30-3-8(B), as a predicate "violent felony" within the

meaning of the ACCA. *Id.*

In its May 28, 2020 response, the government argued that Mr. Phillips had three qualifying predicate felonies under the ACCA, including his 2007 conviction for Shooting at or From a Motor Vehicle. Doc. 36.

In a July 13, 2020 Memorandum Opinion and Order, the Court denied Mr. Phillips' motion, finding that convictions under N.M. Stat. Ann. § 30-3-8(B) "categorically qualify as 'violent felonies' under the ACCA," pursuant to the Tenth Circuit decision *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017). Doc. 61 at 4. Thus, the Court found that, "[a]bsent an intervening change in the law, Mr. Phillips has three previous convictions for 'violent felonies' committed on occasions different from one another within the meaning of the ACCA." *Id.* at 5.

On June 15, 2021, Mr. Phillips filed the instant Motion. Doc. 106. He argues that on June 10, 2021, the U.S. Supreme Court overruled *Pam*, creating the grounds to file the instant Motion. *Id.* at 2 (citing *Borden v. United States*, 141 S. Ct. 1817 (2021)).

The government filed a response on June 29, 2021, conceding that the Supreme Court "specifically recognized *Pam* as a case that would be affected by its ruling" and that Mr. Phillips' "prior conviction under New Mexico law for shooting at or from a motor vehicle no longer qualifies as a predicate offense for ACCA purposes." Doc. 107 at 2.

**DISCUSSION**

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Specific grounds for reconsideration include "an intervening change in the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Phillips' Motion is proper in light of the *Borden* decision.

In *Borden*, the Supreme Court held that a criminal offense with a *mens rea* of recklessness

does not qualify as a "violent felony" under the ACCA. *Borden*, 141 S. Ct. at 1825. It specifically overturned *Pam*, which had previously categorized convictions under N.M. Stat. Ann. § 30-3-8(B), which only requires a *mens rea* of recklessness, as violent felonies under the ACCA. *Id.* at 1823 n.1 (citing *Pam*, 867 F.3d at 1207–08).

Following *Borden*, the Court finds that Mr. Phillips' 2007 conviction under N.M. Stat. Ann. § 30-3-8(B) no longer qualifies as a predicate violent felony under the ACCA. *See Borden*, 141 S. Ct. at 1825. Thus, the Court finds that Mr. Phillips no longer has three previous convictions for violent felonies under the ACCA.

The ACCA's sentencing provision provides that a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum term of imprisonment of fifteen years if that defendant has *three* prior convictions for a serious drug offense or a violent felony. *See* 18 U.S.C. § 924(e)(1). Thus, the Court also finds that Mr. Phillips is no longer subject to the ACCA fifteen-year mandatory minimum since he no longer has three previous convictions for violent felonies under the ACCA. *See id.*

**CONCLUSION**

For the foregoing reasons, Mr. Phillip's Motion to Reconsider Order Denying Defendant's Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924 [Doc. 106] is hereby **GRANTED**.

Dated this 9th day of November, 2021.

MARTHA VÁZQUEZ
United States District Judge

Joe M. Romero, Jr
*Attorney for Mr. Phillips*

Jaymie L. Roybal
*Assistant United States Attorney*